JOVAN RUSH,

Plaintiff,

v.

Case No. 26-cv-0218-bhl

PUBLIC DEFENDER'S OFFICE OF GREEN BAY,
DISTRICT ATTORNEY'S OFFICE OF GREEN BAY,
WENDY W. LEMKUIL, and
BROWN COUNTY CIRCUIT COURT BRANCH 4,

Defendants.

## SCREENING ORDER

Plaintiff Jovan Rush, who is currently incarcerated at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Rush's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Rush has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Rush has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $22.60. Rush's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Rush, he has been in custody since his arrest on July 27, 2024. He states that he had his initial appearance on July 29, 2024, in the case of *Wisconsin v. Rush*, Brown County Case No. 2024CF1425. Brown County Circuit Court Branch 4 has subsequently set numerous status conferences. Rush asserts that he requested representation by a public defender, but it took about a year for him to get a lawyer. He also invoked his right to a speedy trial, but the court informed him that the continuances were required because of how busy the court and the public defender's office are. He also asserts that after he completed the revocation time that he was given for the alleged violation of his probation, District Attorney Wendy Lemkuil filed new charges against him in the case of *Wisconsin v. Rush*, Brown County Case No. 2025CF2038. Rush asserts that Lemkuil had plenty of time before he served his revocation time to bring new charges, but she waited to file new charges. He now has a required cash bond of $50,000, which he cannot afford.

2

This case must be dismissed for the following reasons. First, Rush asserts that the public defender's office violated his rights when it delayed finding a lawyer to represent him. But defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and cannot be sued under §1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983).

Rush also does not state a claim against the Brown County Circuit Court (or, more accurately, the presiding judge(s) in his cases given that a court is not a "person" under §1983) based on assertions that they violated his rights to a speedy trial because judges are absolutely immune for performing actions "that are 'closely associated with the judicial process.'" *Smith v. Schwarz*, 46 F. App'x 374, 375 (7th Cir. 2002) (quoting *Cleavinger v. Saxn'r,* 474 U.S. 193, 200 (1985)). Managing the court's caseload and scheduling hearings and trials is a main feature of the judicial process, which means the judges in Rush's criminal cases enjoy absolute immunity from suit. Moreover, when a prisoner challenges "the fact or duration of his confinement," habeas corpus, not §1983, is the proper path. *See Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

And, finally, Rush does not state a claim against Assistant District Attorney Lemkuil or her office based on the timing of new charges being filed. Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Davis v. Zirkelbach*, 149 F.3d 614, 617 (7th Cir. 1998).

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Rush's complaint is thorough in its allegations of facts surrounding these claims and the law is well established, so the Court finds that further amendment would be futile.

**IT IS THEREFORE ORDERED** that Rush's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim and as legally frivolous. *See*

3

*Atkins v. Gilbert*, 52 F.4th 359, 362 (7th Cir. 2022) (explaining that dismissing a case as frivolous merely acknowledges that established precent forecloses the claims).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Rush shall collect from his institution trust account the $327.40 balance of the filing fee by collecting monthly payments from Rush's prison trust account in an amount equal to 20% of the preceding month's income credited to Rush's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.  If Rush is transferred to another institution, the transferring institution shall forward a copy of this Order along with Rush's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Rush offers bona fide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 12th day of March, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

5